FILED
JAN 2 2 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Jibril L. Ibrahim, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 08 0118 |
| Unite States of America *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## TRANSFER ORDER

Plaintiff is a federal prisoner at the United States Penitentiary in Terre Haute, Indiana. He is a frequent filer who is barred from filing a complaint without leave of court and is also barred under 28 U.S.C. § 1915(g) from proceeding *in forma pauperis*. *See Ibrahim v. District of Columbia*, 463 F.3d 3, 4-6 (D.C. Cir. 2006). Plaintiff has submitted a motion for leave to file a new complaint and an application to proceed *in forma pauperis*. To satisfy the barring order requirements, plaintiff asserts that the complaint is neither frivolous nor brought in bad faith because defendants are continuing to deny him medical treatment for his serious ailment. To overcome § 1915(g)'s bar, plaintiff asserts that the D.C. Circuit has found his ailment serious enough to qualify under the imminent danger exception to the three-strike rule. *See Ibrahim*, 463 F.3d at 6-7. The Court will permit plaintiff to file the complaint but, for the following reasons, will transfer the case immediately.

Plaintiff brings this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, and 42 U.S.C. § 1983. Compl. ¶ 5. He also invokes the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and the Rehabilitation Act, 29 U.S.C.

§§ 701 *et seq. Id.* at 5 (Count II). The venue provision for FTCA claims requires that "[a]ny civil action on a tort claim against the United States . . . be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Similarly, this venue is not proper for litigating plaintiff's § 1983, ADA and Rehabilitation Act claims because the alleged misdeeds did not occur in the District of Columbia. S*ee* 28 U.S.C. § 1391(b)(2) (designating the proper venue for § 1983 claims under the circumstances presented as the location where a substantial part of the events occurred); 42 U.S.C. § 12117(a) (incorporating Title VII's enforcement procedures set forth at 42 U.S.C. § 2000e- 5(f)(3), thereby designating the proper venue for ADA claims under the circumstances presented as the judicial district in the state where the alleged wrongdoing was committed or where the relevant records are maintained and administered); *Bolar v. Frank*, 938 F.2d 377, 379 (2nd Cir. 1991) (citing, *inter alia, Archuleta v. Sullivan*, 725 F. Supp. 602, 604 (D.D.C. 1989)) (applying Title VII's venue provision to Rehabilitation Act claims).

    Because the alleged deprivation of medical treatment is occurring at the federal facility in Terre Haute, Indiana, the Court finds it in the interests of justice and judicial economy to transfer the case to the appropriate judicial district. Moreover, since plaintiff is being permitted to proceed *in forma pauperis* only because he is under "imminent danger of serious physical injury," 28 U.S.C. § 1915(g), transfer should occur without further delay. Accordingly, it is this 26th day of December 2007,

    ORDERED that plaintiff's motion for leave to file the complaint is GRANTED; and it is

    FURTHER ORDERED that pursuant to 28 U.S.C. § 1406(a), this action is hereby TRANSFERRED FORTHWITH to the United States District Court for the Southern District of

Indiana. The Clerk of this Court shall file and docket the complaint. Whether plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.

                                                                             /s/_____
                                                                        United States District Judge